# Yeager *versus* Wallace.

1. In the absence of actual conversion a demand and refusal must be proved, to maintain trover against one who came lawfully into possession of the goods.

2. Where possession is obtained by force or fraud, demand is not necessary.

3. The partnership relation makes each partner the agent of the others when acting within the scope of his power, but when the agency is denied and his act forbidden by his copartner, with notice to the party assuming to deal with him as the agent of the firm, the act is his individual act not that of the firm.

March 3d 1868. Before STRONG, READ, AGNEW and SHARS-WOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 176, to January Term 1868.

This was an action of trover, brought February 13th 1860, against John M. Yeager by Henry E. Wallace, receiver, &c., of Yeager & De Hart; it was afterwards amended so as to stand John M. Yeager, Jr., and Abraham De Hart, lately trading as Yeager & De Hart, to the use of Henry E. Wallace, receiver, &c., of the partnership, plaintiffs, and John M. Yeager, defendant.

Yeager & De Hart were partners in the marble business in Philadelphia, and the suit was brought to recover from the defendant, who was the father of J. M. Yeager, Jr., marble which he, the defendant, claimed to have purchased from the firm.

One witness for the plaintiff testified that about the beginning of 1860, he was at the yard of the partners when the Yeagers, father and son, were there engaged in removing stone; that the father gave orders to the carmen to take the stone. After some had been removed, De Hart came to the yard and in the hearing of the father, as the witness thought, forbade the carmen to remove any more, but the carmen continued to remove it. The marble was removed to the yard of the father, and the son also went to that yard and worked there. Another witness testified that when

[Yeager *v.* Wallace.] .

De Hart forbid the removal of the marble, the father told the carmen to go on, that he had bought it; De Hart said it was not his; all the marble worth carrying away was taken; the father paid the son something over $400.

There was evidence for the plaintiff that the marble taken was worth $1411.

The defendant gave evidence that the marble taken was worth about $500. The son testified that on the 8th of January 1860 he had sold the marble to his father for $473.35, received the money and delivered the stone the next day, that the actual cost of what he sold was $380; he also testified that De Hart looked into the car when the stone was being removed and went away without saying anything; and that the witness had transacted all the business of the partnership during its continuance. He also testified that after the removal, De Hart had expressed his satisfaction with the transaction.

During the trial the plaintiffs offered the record of the appointment of Henry E. Wallace as receiver of the partnership, by the Court of Common Pleas; this was admitted against the objection of the defendant and a bill of exceptions sealed.

The defendants offered the release dated November 4th 1863, of John M. Yeager, Jr., to John M. Yeager, Sr., " of the cause of action in this case and the goods and chattels set forth in the declaration filed therein, hereby releasing and for ever discharging the said action, and requiring the prothonotary to dismiss the same from the record."

The offer was rejected and a bill of exceptions sealed.

The defendants asked the court to charge:—

1. That Wallace has no right to act as receiver, until he has entered security upon said receivership.

7. The plaintiffs cannot recover in this action, unless proof be made that they made a demand upon the defendant before this suit was brought, for the delivery of the marble in question, and the defendant refused to deliver it.

8. The plaintiffs cannot recover, unless they show that the receiver appointed by the Court of Common Pleas had authority and permission from that court to bring this suit.

The court (Hare, A. J.) refused to charge the jury as requested in the points. In conclusion the judge charged:—

" [If the sale was a gross violation of the duty which one partner owed to the other partner, made by Mr. Yeager, Jr., to his father, under circumstances giving the father notice of the dissent of the other partner; if it was so made in point of fact without the assent of the latter, then you should hold the sale void and find for the plaintiff the full value of the property.] But if, on the other hand, the sale was made at a fair price, then the circumstances that it was made without Mr. De Hart's consent, and

that the vendor and purchaser were nearly connected together, will go for nothing, and your verdict ought to be for the defendant."

The jury found a verdict for the plaintiffs for $3243.39.

The defendants obtained a rule for a new trial; but upon the plaintiffs releasing all the verdict above $1835, the rule was discharged.

The defendants took a writ of error, and assigned for error:—

1, 4 and 6. The refusal to affirm their 7th point, the rejection of the release of John M. Yeager, Jr., and the part of the charge enclosed in brackets.

2, 3 and 5. The refusal to affirm their 1st and 8th points, and admitting the record of Wallace's appointment as receiver in evidence.

*T. Greenbank* and *H. Hubbell*, for plaintiff in error.—There being no tortious taking, there should have been demand and refusal: 1 Chitt. Pl. 157; Nixon v. Jenkins, 2 Hen. Bl. 135; Jones v. Fort, 9 B. & C. 764.

The receiver should have given security and received permission from the Court of Common Pleas to bring suit: Yeager v. Wallace, 8 Wright 296; Green v. Winter, 1 Johns. Ch. 61; Wynne v. Newborough, 1 Ves. Jr. 164; Merritt v. Lyon, 16 Wend. 410; Verplanc v. Ins. Co., 2 Paige 452; 5 Dev. Eq. 1949–1988; Blair v. Boggs Tsp., 7 Casey 274; Stratton v. Davidson, 6 Russ. & M. 484; Tanfield v. Irvine, 2 Russ. Ch. R. 151; Campbell v. Steel, 1 Jones 396; Steel v. Smith, 7 W. & S. 447; 1 Kent Com. 261, note c; White v. Low, 7 Barb. (S. C.) 206; Edwards on Receivers 5–15, 141.

John M. Yeager, Jr., had a right to disclaim the action and release: 3 Kent Com. 49; Knox v. Campbell, 1 Barr 366; Parke v. Smith, 4 W. & S. 290. Either party may bind the firm, though the other dissents: Wilkins v. Pearce, 5 Denio 541; Cobb v. Fogalman, 1 Iredell 440; Stine v. Sherk, 1 W. & S. 195.

*E. Shippen* and *J. Thomas*, for defendant in error.—Demand and refusal are necessary only when the defendant has come lawfully into possession: 1 Chitty Pl. 155, 157; Parkins v. Thompson, 3 N. Hamp. 144; Baldwin v. Cole, 6 Mod. 212; McCombie v. Davies, 6 East 538; Martin v. Pewtress, 4 Burr. 2477.

The amendment as to the parties was properly made, and a new action was not required: Barnhill v. Haigh, 3 P. F. Smith 165; Downey v. Garard, 12 Harris 52; Walthour v. Spangler, 7 Casey 523; Hummel v. Brown, 12 Harris 310; Good Intent Co. v. Hartzell, 10 Id. 285.

The estate of the firm was vested in Wallace, and J. M. Yeager, Jr., had no authority to release: Parker v. Martins, 1 Harris 617; Edwards on Receivers 4; In re Colvil, 3 Md. Ch. 278.

[Yeager *v.* Wallace.]

As to the charge of the court: Stauffer *v.* Young, 3 Wright 459; Sloan *v.* Moore, 1 Id. 223; Stockdale *v.* Ullery, Id. 486; Housatonic Bank *v.* Martin, 1 Metc. 294; Hiern *v.* Mill, 13 Ves. 121; Maddox *v.* Maddox, 1 Ves. 62; Bank U. S. *v.* Davis, 2 Hill 463.

The opinion of the court was delivered, March 16th 1868, by

AGNEW, J.—In the absence of an actual conversion, a demand and refusal must be proved, to maintain the action of trover against a defendant who came lawfully into possession of the goods. But where the possession itself is obtained by force or fraud a demand is not necessary. The wrongful act of the party is the evidence of his intention to convert. These are familiar principles amply supported by the authorities cited and not denied by the plaintiff in error. But he takes the position that a sale by a competent party, and possession delivered under it, gives such a lawful possession as to require a demand and refusal, even though the transaction be tainted with fraud. This, however, is a misconception of the state of his case. The court below left it to the jury to find whether the sale made by the younger Yeager to his father was a gross violation of the duty he owed to his partner, Mr. De Hart, whether it was made without De Hart's assent, and whether under the circumstances giving the father notice of De Hart's dissent. The evidence is that De Hart came to the shop while the elder Yeager was there directing the removal of the stones and objected to the removal, that he ran up to the carmen and told them to remove no other stone at their peril, and that the elder Yeager was within hearing distance. The judge also left it to the jury to say whether the sale was a fraud upon the partnership; in point of fact a collusive sale between the son and father in which neither ought to have participated. The verdict therefore establishes that the sale was made by one partner against the dissent of the other, with notice of the dissent to the purchaser, and in fraud of the partnership. It was not a sale by a party competent to pass a lawful possession to the purchaser. The partnership relation makes each partner the agent of the others when acting within the scope of his power; but when his agency is denied and his act forbidden by his copartner with notice to the party assuming to deal with him as the agent of the firm, his act is not that of the firm, but his individual act only. The case presented therefore a possession acquired by fraud in the face of the dissent of the other partner, making it a tortious and not a lawful possession. Demand and refusal were not necessary to establish a conversion. This disposes of the 1st, 4th and 6th assignments of error. All the others relate to the right of Mr. Wallace as receiver of the partnership to maintain the action. But these objections are out of time, and could not be raised in the trial of

[Yeager *v.* Wallace.]

the cause. The action, after the amendment, stood in the name of the partners, the legal plaintiffs. The issue formed by the pleadings brought before the jury the merits of the controversy only. If Mr. Wallace's right to use the name of the firm in the action was denied, it ought to have been questioned in a proper motion before the swearing of the jury, or if he had not given the proper security, the remedy was elsewhere. The jury could not pass upon his title to the receivership or his securities.

Finding no error in the record, the judgment is affirmed.